UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00346-GNS-CHL

GARY DYLAN COMBS                                                                                    PLAINTIFF

v.

BRIDGESTONE AMERICAS, INC., et al.                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Transfer Venue filed by Defendant Bob Sumerel Tire Company ("Sumerel") (DN 15). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I.   STATEMENT OF FACTS AND CLAIMS

In 2021, Plaintiff Gary Combs ("Combs") worked for Rumpke of Kentucky, Inc. ("Rumpke") in Pendleton County, Kentucky.[1] (Compl. ¶ 10, DN 1-3; Def.'s Mot. Transfer Venue 2, DN 15). Combs was completing routine maintenance of a garbage truck on July 5, 2021, which involved changing the wheel assembly with a tire manufactured by Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC (collectively "Bridgestone Defendants") and sold to Rumpke by Sumerel. (Compl. ¶¶ 10, 12-13). Sumerel used Bridgestone Bandag LLC ("Bandag") retreading systems and equipment. (Compl. ¶ 13).

When Combs lowered the truck onto the ground, the sidewall of one of the tires exploded upon bearing the truck's weight. (Compl. ¶ 10). Combs was thrust against a metal cage and

---

[1] The Complaint erroneously refers to Rumpke as "Rumpkin" throughout.

suffered injuries to his head and chest as a result of the impact. (Compl. ¶ 10). Combs was taken to a local hospital to be treated for his injuries. (Compl. ¶ 11).

Combs filed this action in the Jefferson Circuit Court (Kentucky) alleging negligence against all Defendants and strict liability against the Bridgestone Defendants; thereafter, the Bridgestone Defendants and Bandag removed the case to this Court. (Notice Removal 1, DN 1). Sumerel then moved to transfer (DN 15), and no party filed a response.

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon diversity jurisdiction. *See* 28 U.S.C. § 1332.

## III. DISCUSSION

Sumerel seeks to transfer this matter to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a). (Def.'s Mot. Transfer Venue 1). In ruling on a motion to transfer, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). To establish whether transfer is proper, the movant must demonstrate: (1) the transferee court is one in which the action could have been brought initially; and (2) a transfer would serve the convenience of the parties and witnesses and otherwise promote the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

"[T]he threshold consideration under § 1404(a) is whether the action 'might have been brought' in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007) (quoting 28 U.S.C. § 1404(a)). Venue would be proper in the Eastern District of Kentucky "under the general venue statute, 28 U.S.C. § 1391(b)(2), if 'a substantial part of the

events or omissions giving rise to the claim' arose there." *Id.* In the present action, a significant portion of the relevant activities giving rise to Combs' claim occurred in the Eastern District, most notably that he worked and was injured in Pendleton County. (Compl. ¶ 10). Based on the allegations in the Complaint, the parties would also be subject to personal jurisdiction in the Eastern District based on their "continuous and systematic" contacts there. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); (Compl. ¶¶ 6-8 (noting that all Defendants "have [] registered agent[s], transact business, and contract to supply goods and services" in Kentucky)). Therefore, the first prong of the Section 1404(a) analysis is satisfied.

In the second step of the inquiry, "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). These include: "(1) the location of witnesses; (2) the parties' residences; (3) the location of evidence; (4) the location of events that gave rise to the suit; (5) systematic integrity and fairness; and (6) plaintiff's choice of forum." *Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *1 (W.D. Ky. Mar. 9, 2015) (citing *Pharmerica Corp. v. Crestwood Care Ctr., L.P.*, No. 3:12-CV-00511-CRS, 2013 WL 5425247, at *2 (W.D. Ky. Sept. 26, 2013)). "[T]ransfer will be refused if the effect of a change of venue would be merely to shift the inconvenience from one party to the other." 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3849 (4th ed. Apr. 2022 update).

  A. <u>**Locations of Witnesses and Parties**</u>

The convenience of witnesses is considered to be the most significant factor in the analysis. *Kay*, 494 F. Supp. 2d at 852. The relevant events to this action occurred at Rumpke's business location in Pendleton County, suggesting that witnesses with firsthand knowledge of the incident would be Rumpke employees who are located in, or within commuting distance of, the Eastern

District.  Sumerel notes "[t]he only connection the [] Defendants have to the Western District is the location of their registered agents . . . ." (Def.'s Mot. Transfer Venue 5).  Nothing suggests the registered agents have any relevant knowledge to become witnesses, so their location does not weigh against transfer.  Witnesses from outside of Kentucky may be likely but transfer to the Eastern District is no more inconvenient for those witnesses than the case remaining in the Western District.  Therefore, because transfer would be more convenient for many potential witnesses in the Eastern District, this factor weighs in favor of transfer.

To justify transfer, "[a] defendant . . . must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer." *Shaibi v. Louisville & Ind. R.R. Co.*, No. 3:19-CV-00928-GNS, 2020 WL 1539936, at *3 (W.D. Ky. Mar. 31, 2020) (internal quotation marks omitted) (quoting 15 Wright & Miller, *supra*, § 3848).  None of the Defendants reside in the Western District of Kentucky. (Compl. ¶¶ 2-5).  Sumerel is incorporated and has its principal place of business in Cincinnati, Ohio, a short drive from Covington, Kentucky, located in the Northern Division of the Eastern District. (Compl. ¶ 5).  Thus, the Eastern District would be more convenient for Sumerel.  Although none of the other Defendants reside in the Eastern District, they also have equally little connection to the Eastern District as the Western District.  So, transfer would be no more inconvenient for the other Defendants than the present forum.  For Combs, transfer would not be a substantial inconvenience as he resides and works in the Eastern District, which would make transfer arguably more convenient to him. (Compl. ¶¶ 1, 10).  Therefore, this factor weighs in favor of transfer.

  B.  <u>Locations of Evidence and Events</u>

As noted above, the events which caused Combs' injuries occurred in the Eastern District while he was working in Pendleton County. (Compl. ¶ 10).  Accordingly, much of the evidence

4

will also be in that District. After his injury, Combs was airlifted to a local hospital, suggesting that much of the evidence regarding his injuries will also be in the Eastern District. (Compl. ¶ 11). Other events or evidence leading to the incident may have occurred or be available in other states, but nothing suggests such events or evidence would be connected to the Western District. Consequently, these factors thus weigh in favor of transfer.

### C. Systematic Integrity and Fairness

Courts may consider "the public's interest in having a local controversy adjudicated locally." *Conrad v. Transit Auth. of N. Ky.*, CV 19-23-DLB-CJS, 2019 WL 6829952, at *7 (E.D. Ky. Dec. 13, 2019) (citation omitted). Transfer may be proper where it would avoid "burdening members of a community unrelated to the litigation with jury duty . . . ." *Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000) (citation omitted). Due to the lack of contacts this case has with any communities within the Western District of Kentucky, keeping the case in this District would unduly burden its jury pool. Instead, citizens of the Eastern District have more of an interest in the adjudication of this case, considering the injurious events occurred there; thus, this factor weighs in favor of transfer.

### D. Plaintiff's Choice of Forum

Typically, the plaintiff's choice of forum is given great weight, particularly when a plaintiff has filed in his home jurisdiction. 15 Wright & Miller, *supra*, § 3849. "However, the weight accorded the plaintiff's choice of forum 'is . . . reduced . . . where the facts bear little connection to the chosen forum.'" *Pharmerica Corp.*, 2013 WL 5425247, at *4 (quoting *Adams v. Honda Motor. Co.*, No. 3:05-CV-120-S, 2005 WL 3236780, at *1 (W.D. Ky. Nov. 21, 2005)). Combs' choice to file this action in Jefferson County is important to the analysis, but the minimal facts

5

relating to the Western District, in addition to Combs' residence in the Eastern District, provide little weight to this factor and it is not sufficient to overcome the other factors favoring transfer.

Given the Western District's minimal factual connection to the issues in the litigation, the relevant factors weighing in favor of granting transfer, and the lack of response to Sumerel's motion, the matter will be transferred to the Eastern District of Kentucky.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue (DN 15) is **GRANTED**, and this matter is **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 1404(a).

Greg N. Stivers, Chief Judge
United States District Court

October 17, 2022

cc:  counsel of record