UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| GARY DYLAN COMBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 22-130-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRIDGESTONE AMERICAS, INC., et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Bob Sumerel Tire Co., Inc.'s ("Sumerel") filed a motion to compel Plaintiff Gary Combs to "answer outstanding discovery requests and deposition questions."[1] [Record No. 88]  Additionally, Sumerel moved to extend the Scheduling Order by ninety days to account for developments and technical complexities in this case. [*Id.*]  United States Magistrate Judge Edwin B. Atkins issued a Recommended Disposition on November 27, 2023. [Record No. 103]  Magistrate Judge Atkins recommended granting, in part, and denying, in part, Sumerel's motion to compel and denying Sumerel's motion to extend the Scheduling Order.  Sumerel objected to the determination that the Scheduling Order should not be extended. [Record No. 95]

For the reasons that follow, however, the Court will adopt Magistrate Judge Atkins' recommendations.

---

[1]   This case was reassigned to the undersigned on September 7, 2023.  [Record No. 76]

-1-

**Background**

Plaintiff Combs brought this action against Sumerel and Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC, Bridgestone Bandag, LLC, and Bob Sumerel Tire Co., Inc., for injuries Combs sustained when a tire that he was servicing exploded, causing him to be thrown into a metal rack. [Record No. 95, p. 1]  Combs alleges that he suffered a severe head injury and that, in the wake of the incident, he has suffered a variety of problems due to post-concussive syndrome including impairment in memory formation and attention, hearing loss, and severe orthopedic injuries. [Record No. 95, pgs. 1–2]  Combs asserts he has received treatment by over 20 separate healthcare entities in Kentucky and Ohio through worker's compensation, and treatment from a healthcare entity in Texas (Advanced Medical Group entities). [Record No. 95, p. 2]  He further contends that he has an agreement with TLFNJ Funding Company ("TLFNJ"), a third-party litigation funding company, to assist with the associated litigation costs. [Record No. 95, p. 4]

Beginning on July 1, 2022, Sumerel served Combs with a first set of interrogatories and requests for production.  Combs responded and subsequently supplemented his response multiple times.  Sumerel served Combs with a second set of interrogatories on March 17, 2023. [*Id.*]  The same day, Sumerel moved for leave to serve additional interrogatories, contending that Combs' treatment had drastically changed, and that the new discovery requests were necessary to determine the reason for the change. [Record No. 51] Sumerel's motion was granted. [Record No. 61]

Combs generally responded to Sumerel's "Second Set of Requests for Production" on April 17, 2023, but did not respond to its Second Request for Interrogatories. [Record No. 88, p. 7]  Sumerel sent a letter to Combs on June 14, 2023, requesting that he "provide complete

responses to the outstanding discovery requests and unanswered deposition questions." [Record No. 88-9] Combs responded on July 5, 2023, and provided his most recent supplemental responses on September 20, 2023. [Record No. 95-7]  In that response, Combs did not address to Sumerel's Second Set of Interrogatories because he contends that they "were never served upon [him] per the Federal Rules of Civil Procedure." [Record No. 95, p. 19]

Sumerel moves to compel Combs to respond and supplement interrogatories, requests for production, and deposition questions that allegedly were not fully and appropriately addressed. [Record No. 88]  It asserts that Combs did not sufficiently respond to First Set of Interrogatories numbered 10, 24, and 36; First Set of Requests for Production numbers 5, 15, 32, 35, and 36; Second Set of Interrogatories 1 and 2; and Second Request for Production of Documents numbers 1, 3, 5, 10, and 11.1 [Record No. 98]  Additionally, Sumerel argues that Combs improperly denied to answer various deposition questions. [Record No. 88, p. 12]

Aside from its motion to compel, Sumerel also seeks modification of the Scheduling Order issued September 1, 2022.  [Record No. 23]  Sumerel notes that Combs' "medical diagnoses and treatment changed as he began receiving out-of-state medical treatment in Texas." [Record No. 105]  Sumerel claims that this treatment began in September 2022 "after Plaintiff served his initial disclosures," and emphasizes that it has only received "some responses" from these medical providers. [*Id*.]  Sumerel also claims that the Scheduling Order did not leave sufficient time to depose Combs' witnesses or prepare *Daubert* motions.  [*Id*.]

## Legal Standard

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In resolving discovery disputes, the Court considers

"the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* FED. R. CIV. P. 26(b)(1). Whether discovery is relevant is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

At the same time, the scope of discovery is not without limitation and remains "subject to the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). When a party refuses to provide information requested by another party, which is thought by the requesting party to be within the scope of Rule 26(b), then the requesting party may move the court to compel disclosure of the requested information. *See* Fed. R. Civ. P. 37(a)(3)(B). However, prior to moving to compel, a party must in good faith confer or attempt to confer with the opposing party "failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1).

### A. Motion to Compel

Sumerel expressed doubt that Combs produced all relevant information about the relationship between Advanced Medical Group and Combs' counsel, as well as the role of the company providing third-party litigation finance in this matter. The Court has reviewed the Magistrate Judge's conclusion regarding the need for Combs to supplement answers to interrogatories, the determination that Sumerel properly served Combs with the second request for interrogatories, the judgment that Combs insufficiently responded to Sumerel's first and second requests for documents, and the need for Combs to "supplement answers to questions

-4-

asked by unanswered during his deposition about the Texas medical providers, related billing issues, and the $1,000 monthly payments." [Record No. 103] Although the undersigned agrees with the Magistrate Judge's recommendation to grant, in part, and deny, in part, Sumerel's motion to compel, the motion seemingly has been rendered moot by Combs' compliance with Sumerel's requests. Sumerel notes that Combs "elected not to file objections, but to comply with the [Magistrate Judge's] Order." [Record No. 110] However, Sumerel concedes that Combs only "finally answered certain discovery requests properly served by Sumerel in mid-2022 and early 2023." [*Id.*] To be sure, this Court reviews the Magistrate Judge's analysis on each component of Sumerel's motion so that the parties are fully aware of their obligations.

First, Sumerel requested that Combs clarify: "(1) whether Combs' medical providers are testifying related to his past medical expenses; (2) whether Cardiovascular Clinic of Texas, St. Elizabeth Edgewood, Dr. Aaron Filler, are medical treatment providers or experts; and (3) whether Combs has incurred $166,702.40 or $133,982.04 in medical expenses." [Record No. 103] As the Magistrate Judge properly concluded, Combs should clarify his response to Interrogatory 10 with the above information because they are relevant to the claims asserted in this matter. Similarly, to the extent that the recent settlement between Rumpke and the Bridgestone defendants has changed Combs' response to Interrogatories 24 and 36, Combs should supplement these responses if he has not already.

Second, Rule 33 of the Federal Rules of Civil Procedure requires a party to serve written interrogatories on another parties. In this case, Sumerel properly filed for leave to serve two sets of interrogatories (numbered 1 and 2) on Combs on March 17, 2023. The Magistrate Judge concluded those interrogatories were properly filed, and the undersigned agrees.

-5-

Third, Sumerel alleges that Combs' responses to its first and second requests for production of documents were insufficient. In particular, Combs claims that he has already produced records for treating physicians and that each of the experts produced a report. [Record No. 95, p. 10] Sumerel disagrees, claiming that Combs has yet to produce medical and billing records from: (1) Premier Counseling and Coaching Services; (2) Dr. Stephen W. Hamli; (3) Cardiovascular Clinic of Texas; and (4) St. Elizabeth Physicians Edgewood. [Record No. 98, p. 8] As the Magistrate Judge concluded, however, "[i]f the entities provided medical treatment for Combs pursuant to his injuries here, Combs should provide relevant records. Similarly, if Dr. Stephen W. Hamli and Premier Counseling and Coaching Services provided medical treatment for Combs, documents should be produced." [Record No. 103] The undersigned agrees, and Combs should produce these documents in line with Magistrate Judge Atkins' conclusion if he has not yet done so voluntarily. Additionally, if the recent settlement by Rumpke has altered Combs' response to Requests for Production 15, 35, and 36 in the first batch of discovery requests by Sumerel, Combs should supplement his responses. The undersigned adopts the Magistrate Judge's determination that Combs has fully answered First Request for Production Number 32 and Second Request for Production Number 1, as well as the need for Combs to answer Second Request for Production Number 3.

Likewise, the undersigned agrees that "any agreements between TLFNJ and Combs, Plaintiffs' counsel, and the medical providers are relevant to this action" and should be produced. [Record No. 103, p. 14] Combs should answer the Second Request for Production Numbers 5 and 11 to the extent they are agreements between counsel and TLFNJ, or evidence of payments of medical expenses or wage loss expenses and not protected work-product (meaning documents that are both material and created in anticipation of trial). [Record No.

-6-

103, p. 13] The undersigned agrees that "the funding of Combs' living expenses is relevant, at least in part, to the issues in this case" and "[i]f the monthly payments from TLFNJ to Combs are paying his living expenses, like rent, groceries, etc., these costs relate to damages that Combs may claim in this action." [*Id*. at 12] Therefore, Combs should produce these documents. Also, "any agreements between TLFNJ and the medical providers" are relevant and should be produced, "especially medical providers that will testify at trial" since they "are relevant to this action because the agreements will uncover that the providers have an interest in the outcome" [*Id*. at 13]

Finally, Sumerel claims that Combs objected to questions "regarding the $1,000 monthly payment, the referrals of Plaintiff to the Texas medical providers, and [] related billing issues" during his deposition. [*Id*. at 15] However, Combs never addressed how the agreements with the providers, including the medical providers in Texas, are privileged or not subject to discovery. Because "any litigation funding agreement between Combs and/or Combs' counsel and TLFNJ are relevant to this action," Combs must supplement the questions asked but unanswered during his deposition. [*Id*.]

### B. Motion to Extend the Scheduling Order

Sumeral also seeks to extend the Scheduling Order by ninety days, citing the need to depose additional fact and expert witnesses and obtain responses to some incomplete answers of subpoenaed information from medical providers in Texas and Louisiana that Combs included in his initial disclosures. *See* Fed. R. Civ. Pro. 26(a)(1)(A). Although the discovery phase has ended in accordance with the Scheduling Order, Sumerel effectively seeks to reopen it for the purpose of obtaining additional responses to these subpoenas, including the production of documents and written answers to questions. Magistrate Judge Atkins

recommended that Sumerel's motion to extend the Scheduling Order be denied, citing the "ample time allowed for discovery, the lengthy history and development of this case, and the impending deadlines" for other phases of the case. [Record No. 103] Sumerel objected to Magistrate Judge Atkins' conclusion, and Combs responded in opposition to Sumerel's motion to extend.[2]

When determining whether to permit additional time for discovery, a Court broadly considers: (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the case; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests. *In re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin and Metformin) Products Liability Litigation*, 570 F.Supp.3d 473, 477 (E.D. Ky. 2020) (citing *In re Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472, 478 (6th Cir. 2010)). Applying these factors, Sumerel's motion will be denied.

Sumerel contends that it needs more time to evaluate claims made by Combs' fact and expert witnesses. In essence, it argues that the Scheduling Order "was simply impractical due to the manner in which the case and its numerous issues developed." [Record No. 110] However, Sumerel only sought to extend the Scheduling Order *after* the discovery deadline and the deadline to submit *Daubert* motions had passed. Additionally, Combs suggests that Sumerel was dilatory in obtaining records from his medical providers in Texas. [Record No. 95] Sumerel contends that it served the providers with timely subpoenas and cites the "general unresponsiveness of the medical providers" in satisfying his requests. [*Id.*] But Combs

---

[2] Before Magistrate Judge Atkins issued his Recommended disposition, Combs did not oppose Sumerel's motion to extend deadlines in the Scheduling Order. [Record No. 105]

emphasizes that "there is only one medical provider in Texas who provided treatment" to him, and that the delay in receiving records from this provider (Advanced Medical) is because Sumerel has not agreed on language to ensure confidentiality despite the passage of nine months. [Record No. 108] Combs notes that "[t]he remaining medical providers (other than Advanced Medical) being referred to by Defendant are Plaintiff's expert witnesses, who provided diagnostic testing, not medical treatment." [*Id*.] Combs also argues that Sumerel know about the existence of these expert witnesses in September 2022 when the Court issued its original Scheduling Order but failed to request and obtain the necessary information before discovery closed. [*Id*.] Combs observes that Sumerel is "only now moving to have discovery deadlines extended to pursue more information regarding these physicians." [*Id*.]

While it appears true that Combs forced Sumerel to "jump through numerous legal hoops to obtain [] records or to make agreements" for receiving certain productions during discovery, Sumerel had more than a year to request and obtain—whether voluntarily or through the compulsory process—the information it now seeks by moving the Court to extend its deadlines. The undersigned agrees with the Magistrate Judge that the long period of discovery was sufficient to provide the parties with adequate time to request and obtain relevant information necessary to build their cases in this matter.

Additionally, Sumerel argues that the intervention of Rumpke Consolidated Companies ("Rumpke") as a plaintiff less than three weeks before the discovery deadline prejudiced its ability to obtain the information required to provide a sufficient defense. Citing the fact that Rumpke had settled its claims against all defendants except Sumerel by the time the Magistrate Judge issued his Recommended Disposition, Sumerel contends that it "needs more time to obtain discovery documents from Rumpke including information pertaining to the workers'

-9-

compensation settlement to fully understand and evaluate the subrogation claim and Plaintiff's damage claims." [Record No. 105]  However, this Court has now dismissed Rumpke and the company assigned its subrogation rights to Combs.  [Record No. 111]  And Sumerel has not cited any attempt it made for requesting information from Rumpke before the discovery deadline passed and did not file any motion to amend the Scheduling Order for accommodation before the discovery phased concluded.  The Court is unpersuaded that discovery should be reopened for this reason.

In general, the Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made under 28 U.S.C. § 636(b)(1)(C).  Defendant Sumerel filed a timely objection to the Magistrate Judge's determination that deadlines in the Scheduling Order should not be extended, and Plaintiff Combs issued a timely response in support of the Magistrate Judge's decision.  After conducting a *de novo* review, this Court will adopt the Magistrate Judge's Recommended Disposition.

Being sufficiently advised, it is hereby **ORDERED** as follows:

1. United States Magistrate Judge Edward Atkins' Report and Recommendation [Record No. 103] is **ADOPTED** and **INCORPORATED** here by reference.

2. Sumerel's motion to compel Plaintiff Combs to supplement his response to First Request for Interrogatory No. 10, and Second Request for Interrogatories Nos. 1 and 2 is **GRANTED**.

3. Sumerel's motion to compel Combs to supplement his responses to First Request for Interrogatories Nos. 24 and 36, and First Request for Production Nos. 15, 35, 36

are **GRANTED** to the extent his answers have changed in light of the settlement between Rumpke and the Bridgestone defendants.

4. Sumerel's motion to compel Combs to supplement his responses to First Request for Production Nos. 32, and, and Second Request for Production No. 1 and 5(b) and (c) is **DENIED**.

5. Sumerel's motion to compel Combs to supplement his responses to First Request for Production No. 5, and Second Request for Production Nos. 3, 5(e) and (f), 10, and 11 is **GRANTED**.

6. Sumerel's motion to compel Combs to answer deposition questions cited in Sumerel's motion is **GRANTED**.

7. Sumerel's motion to extend deadlines in the Scheduling Order by ninety days is **DENIED**.

Dated: January 16, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky